UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN D. A. JR.[1],

                        Plaintiff,

v.                                                     CASE # 19-cv-00778

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | SAMANTHA J. VENTURA, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | NICOL FITZHUGH, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born on June 18, 1966, and has a high school education. (Tr. 175, 201). Plaintiff's alleged disability consists of lower back issues, status post four surgeries; chronic pain; sciatica; stenosis; knee/elbow issues; high blood pressure; gastroesophageal reflux disease (GERD); and allergies. (Tr. 200).

   B.  **Procedural History**

On March 21, 2016, plaintiff protectively applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act[2]. (Tr. 175). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On July 3, 2018, plaintiff appeared before the ALJ, Mary Mattimore. (Tr. 30-70). On August 6, 2018, ALJ Mattimore issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 10-25). On April 19, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since March 21, 2016, the application date (20 CFR 416.971 *et seq.*).

---

[2] Plaintiff previously filed applications for disability insurance benefits (DIB) and SSI in July 2010, alleging disability beginning January 1, 2007 (Tr. 104). In a decision dated March 15, 2012, a different ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act and therefore denied his July 2010 DIB and SSI claims (Tr. 101-13); the Appeals Council denied review of that decision on March 1, 2013 (Tr. 114-17).

2. The claimant has the following severe impairments: status-post lumbar spinal fusions, chronic pain syndrome, unspecified thoracic, thoracolumbar and lumbosacral intervertebral disc disorder with sciatica and stenosis, and asthma (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally climb ramps and stairs, ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl but never fully bend over. The claimant must avoid exposure to fumes, odors, gases, smoke or other pulmonary irritants or concentrated humidity.

5. The claimant is capable of performing past relevant work as a repossessor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since March 21, 2016, the date the application was filed (20 CFR 416.920(g)).

(Tr. 10-25).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ erred in her evaluation of the opinion evidence from Dr. Brauer and Dr. Lewis. (Dkt. No. 11 at 9-20 [Pl.'s Mem. of Law]). Second, the ALJ's RFC finding is unsupported by substantial evidence because the RFC was formulated without a medical opinion and plaintiff's daily activities were improperly considered. (Dkt. No. 11 at 20-24).

### B.     Defendant's Arguments

In response, defendant makes two arguments in response to plaintiff. (Dkt. No. 16 at 13 [Def.'s Mem. of Law]). First, defendant argues the ALJ reasonably weighed the differing medical opinions of Dr. Brauer and Dr. Lewis in the context of the overall record. (Dkt. No. 16 at 13).

Second, the ALJ's RFC finding is not unsupported by substantial evidence simply because it was not based on a medical opinion. (Dkt. No. 16 at 22).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.    ANALYSIS

Plaintiff asserts the ALJ erred by relying on the stale opinion of Dr. Brauer and failing to recontact Dr. Lewis. Plaintiff concludes the RFC finding is unsupported by substantial evidence because the ALJ had no medical opinion evidence on which to rely.  (Dkt. No. 11 at 12).

**A. Opinion Evidence**

On July 11, 2016, David Brauer, M.D., performed a one-time, consultative examination at the request of the administration. (Tr. 356). Findings from Dr. Brauer included:

> Plaintiff wore a back brace for support and stabilization, but exhibited a normal gait, could heel and toe walk without difficulty and squat up to 80 percent, had a normal stance, did not use an assistive device, and was able to get on and off the examination table and rise from a chair without difficulty. Despite having reduced range of motion in the lumbar spine, plaintiff exhibited normal coordination, negative straight leg raise testing, and no neurological deficits. (Tr. 21, 356-360).

Based on his examination, Dr. Brauer opined there were no limitations in plaintiff's ability to sit or stand; mild limitation in his ability to walk for long distances or to climb; and mild to moderate limitation in his ability to push, pull, carry heavy objects, or perform activities that require full bending or squatting. (Tr. 21, 360). Secondary to his history of asthma, Dr. Brauer opined plaintiff should avoid dust, smoke, allergens, or other respiratory irritants. (Tr. 21, 260).

In the decision, the ALJ noted the above findings and accorded Dr. Brauer's opinion significant weight. ALJ Mattimore appropriately identified the opinion was from an acceptable medical source with program knowledge and supported by a detailed examination. (Tr. 23, 356-360). The ALJ further explained the opinion was consistent with Dr. Brauer's correlating clinical observations which reflected grossly normal neurological findings (including normal gait and stance, no sensory deficit, normal 5/5 strength in his upper and lower extremities, and negative straight leg raise testing), but limited range of motion in the spine. (Tr. 23, 358-59). In addition, the ALJ observed the results of Dr. Brauer's examination were consistent with the longitudinal treatment records she had previously outlined in her decision, as well as plaintiff's reported daily living activities. (Tr. 20-22, 23, 36-42, 348-52, 357). The ALJ's consideration of Dr. Brauer's opinion was clearly and properly addressed in the decision. *See, e.g., Trepanier v. Comm'r of Soc. Sec. Admin.,* 752 F. App'x 75, 78 (2d Cir. 2018) (substantial evidence supported ALJ's RFC

finding; ALJ "largely relied on the report of a consultative examiner"); *Uplinger v. Berryhill*, No. 18-CV-481-HKS, 2019 WL 4673437, at *6 (W.D.N.Y. Sept. 25, 2019) (ALJ appropriately relied on consultative examiner's opinion in assessing the RFC: "The ALJ accorded 'great weight' to [consultative examiner]'s opinion in support of his RFC determination reasoning that the doctor has program knowledge; performed a detailed examination (February 2016); the opinion is consistent with the overall record; and generally consistent with the opinion of State agency psychiatric consultant….").

As an initial matter, in response to plaintiff's argument, a consultative examiner is not required to obtain or review laboratory reports or treatment records. *Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017) ("the facts that Dr. Wassef's specialty is pediatrics and that his review did not include the plaintiff's MRI results do not preclude the ALJ from assigning Dr. Wassef's opinion significant weight"); *see Amos v. Comm'r of Soc. Sec.*, No. 1:18-CV-1367, 2020 WL 1493888, at *4 (W.D.N.Y. Mar. 27, 2020) (ALJ did not err in affording weight to consultative examiner who did not review objective imaging); *see Giovino v. Comm'r of Soc. Sec.*, No. 19-CV-122, 2020 WL 1909982, at *3 (W.D.N.Y. Apr. 20, 2020) (same); *see Genito v. Comm'r of Soc. Sec.,* No. 7:16-CV-0143, 2017 WL 1318002, at *9 (N.D.N.Y. Apr. 7, 2017) ("there is no legal requirement that opinion sources must have access to a full and complete record in order for their opinions to be sufficient to constitute substantial evidence"); *see* 20 C.F.R. § 404.1519n(c)(1)-(7) (elements of a complete consultative examination). Therefore, the fact that Dr. Brauer did not review medical imaging does not preclude the ALJ from affording his opinion substantial weight.

Contrary to plaintiff's argument, Dr. Brauer's opinion was not stale. (Dkt. No. 11 at 16). A medical opinion is not rendered obsolete merely due to the passage of time. *See, e.g.*, *Reithel v. Comm'r of Soc. Sec.*, 330 F. Supp. 3d 904, 910 (W.D.N.Y. 2018) ("However, a medical opinion is

not stale simply based on its age. A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole."). Further, while medical opinions based on an incomplete medical record may not be substantial evidence, opinions supported by substantially similar findings in treatment notes may constitute substantial evidence. *Camille v. Colvin,* No. 14–CV–6155 EAW, 104 F.Supp.3d 329, 343–44, 2015 WL 2381030, at \*13 (W.D.N.Y. May 19, 2015). ALJ Mattimore thoroughly discussed the subsequent medical evidence, such as documentation of plaintiff's continuing complaints of pain and poor range of motion, as well as a recommendation in 2018 for a facet fusion of L3 to S1 with removal of the pedicle screws. (Tr. 21-22, 388, 905-06, 1202-03, 1293-94, 1300-02). *See, e.g., Bamberg v. Comm'r of Soc. Sec.*, No. 18-CV-00337-DB, 2019 WL 5618418, at \*5 (W.D.N.Y. Oct. 31, 2019) ("In this case, the ALJ discussed the subsequent medical evidence in detail, and there is no indication that any later-received evidence 'raise[s] doubts as to the reliability of [the consultative examining physician's] opinion.'") (quoting *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2012)) (internal record citation omitted). Here, the ALJ appropriately considered Dr. Brauer's opinion in the context of the overall record, including the evidence that was generated and submitted after the consultative examination. 20 C.F.R. § 404.1527(b) (2016) ("In deciding if you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive.").

Plaintiff's argument that the subsequent medical records, some of which contain findings contrary to Dr. Brauer, were not considered is unavailing. Plaintiff lists contrary findings and the recommendation for another surgery as evidence of "some limitations in sitting and standing." (Dkt. No. 11 at 16). Although significant weight was accorded to the opinion of Dr. Brauer, which did not include limitations in standing or sitting, the ALJ's RFC was for sedentary work with

additional limitations. (Tr. 18). The ALJ permissibly found greater limitations than opined by Dr. Brauer. *Wilson v. Colvin*, No. 6:16-CV-06509-MAT, 2017 WL 2821560, at *5 (W.D.N.Y. June 30, 2017) ("Furthermore, the fact that an RFC assessment does not correspond exactly to a medical expert's opinion in the record does not mean that the RFC assessment is 'just made up.'").

Plaintiff also argues the ALJ erred in considering the statements of treating source Dr. Lewis. (Dkt. No. 11 at 16-19). The ALJ accorded limited weight to the various opinions rendered by Dr. Lewis during the course of plaintiff's treatment for his workman's compensation injury, including the doctor's statements indicating that plaintiff was "100% disabled" and had "100% temporary impairment." (Tr. 23, citing *e.g.*, Tr. 270-271, 279-280). Plaintiff cites significant amounts of case law regarding the factors to be considered when assigning weight to a treating source, specifically the good cause reasons for giving less than controlling weight. Although the ALJ did not expressly consider the "*Burgess* factors" in assigning less than controlling weight to this treating physician opinion, it is harmless error because the ALJ provided sufficient good reasons for the assigned weight. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d 2019) (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)); *see Guerra v. Saul,* 778 F. App'x 75, 77 (2d Cir. 2019) (concluding that its holding in *Estrella* did not mandate remand: "While the ALJ here did not always explicitly consider the Burgess factors when assigning the treating physician'[s] opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient 'good reasons' for the weight assigned."). As discussed below, the ALJ provided various good reasons for the weight accorded to the opinion.

Plaintiff concedes the opinions of Dr. Lewis were on an issue reserved to the Commissioner. (Dkt. No. 11 at 19). *See* 20 C.F.R. § 416.927(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability….A

9

statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."); 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner"). In her analysis, the ALJ also appropriately noted medical opinions offered in workers' compensation cases utilize different standards than those required under the Social Security regulations in determining whether a claimant is disabled within the meaning of the Social Security Act. (Tr. 23). *See, e.g., Karlstrom v. Berryhill*, No. 16-CV-00586F, 2018 WL 4784557, at *7 (W.D.N.Y. Oct. 4, 2018) (rejecting argument that the ALJ improperly discounted the treating sources' worker's compensation ratings: "Here, the opinions referenced by plaintiff as establishing plaintiff's treating physicians, especially Dr. Pollina, plaintiff's neurosurgeon, and Dr. Barnes, plaintiff's primary care/pain management physician, considered plaintiff disabled were made in the context of plaintiff's Worker's Compensation claim…. It is basic, however, that the SSA's disability process is different from the process for determining entitlement to Workers' Compensation benefits, and it employs significantly different standards…. As such, the Commissioner considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability, and, accordingly, a treating physician's statement that the claimant is disabled cannot itself be determinative.") (internal quotations, citations, alterations omitted)).

Additionally, ALJ Mattimore noted the opinions of Dr. Lewis did not provide specific function-by-function limitations regarding plaintiff's ability to perform work-related activities but were vague and conclusory. (Tr. 23). *See Singleton v. Comm'r of Soc. Sec.*, No. 18-CV-290S, 2019 WL 4783849, at *4 (W.D.N.Y. Oct. 1, 2019) (ALJ properly discounted treating physician's opinions that claimant had "total 100% disability" because they were administrative findings

reserved to the Commissioner; further noting that "when a 'treating physician does not provide a specific function-by-function assessment,' but the 'record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate.'") (quoting *Kinsey v. Berryhill*, No. 1:15-CV-00604-MAT, 2018 WL 746981, at *4 (W.D.N.Y. Feb. 6, 2018)); *Hochmuth v. Berryhill*, No. 1:18-CV-00045-MAT, 2019 WL 2516050, at *6 (W.D.N.Y. June 18, 2019) (ALJ properly discounted treating source opinion that claimant was "disabled for work" as it addressed only an issue reserved to the Commissioner and did not state any functional limitations, and the ALJ was not "required to re-contact [that doctor] for further information, particularly considering the additional opinion and medical evidence in the record.").

Lastly, the ALJ noted the statements by Dr. Lewis were not supported by the correlating clinical findings. (Tr. 23). *See, e.g., Poupore v. Astrue,* 566 F.3d 303, 307 (2d Cir. 2009) (treating source opinion may be given significant weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'") (quoting 20 C.F.R. § 404.1527(d)(2)); *see also, e.g., Heaman v. Berryhill,* 65 F. App'x 498, 500 (2d Cir. 2019) ("While the ALJ is not 'permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion,' *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000), the ALJ may 'choose between properly submitted medical opinions,' *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), including the report of a consultative physician, *see Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983).").

There was no duty for the ALJ to recontact Dr. Lewis. (Dkt. No. 11 at 19). Plaintiff incorrectly places the burden on the Commissioner. *See* 20 C.F.R. § 416.912(a); *see also, e.g., Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry…."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL

3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, plaintiff's burden to prove his RFC."). Further, the Regulations do not require an ALJ to recontact a medical source to resolve a conflict or ambiguity in the evidence provided by that doctor. *See* 20 C.F.R. § 416.912. In this case, the ALJ concluded the record was sufficient to make a disability determination and she was not obligated to further develop the record.

Plaintiff asserts the opinions of Dr. Lewis, stating total disability, are also evidence of deterioration of plaintiff's condition, furthering the earlier argument that the opinion of Dr. Brauer is stale. (Dkt. No. 11 at 20). Plaintiff states Dr. Lewis' opinion went from temporarily disabled to totally disabled, however a review of the opinions shows Dr. Lewis has consistently reported 100% temporary impairment with disability at 100% without any changes from 2012 to 2018[3].

### B. Substantial Evidence

To be sure, an ALJ's RFC determination may be supported by substantial evidence even where the ALJ rejected a specific medical opinion. For instance, in *Tankisi v. Comm. of Social Security*, 521 F. App'x 29 (2d Cir. 2013), the Second Circuit ruled that although the record did not contain formal opinions as to the claimant's RFC from her treating physicians, it did include assessments of limitations from her treating physician who did in fact examine her, and therefore was sufficiently developed. *Id.* at 34; *See also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 9 (2d Cir. 2017) (even after discounting a treating source opinion, remand to secure another medical source statement was not required, where the record contained sufficient evidence from which the ALJ could assess the RFC, including treating psychiatrist's years' worth of treatment notes and

---

[3] Citing *e.g.*, Tr. 270-71 (February 8, 2015: "100%" temporary impairment), 279-80 (June 23, 2015: "100%" temporary impairment), 291 (April 6, 2016: "100%" temporary impairment and "His disability is 100%"), 766-67 (October 31, 2014: "100%" temporary impairment and "His disability is 100%"), 806-07 (September 7, 2012: "100%" temporary impairment), 1293-94 (January 19, 2018: "100%" temporary impairment and "His disability is 100%"), 1300-01 (May 24, 2018: same).

evidence of Monroe's varied social and recreational activities). This administrative record contains over 1000 pages of medical records from various providers, including opinions from consultative examiners, and no argument has been raised that outstanding records exist for the Court's consideration.

Inconsistent with plaintiff's argument, the ALJ is responsible for assessing the RFC and there is no requirement that the ALJ's RFC finding be identical to a medical opinion. *See Matta v. Astrue*, 508 Fed App'x 53 (2d Cir. 2013) (summary order) ("Although the ALJ's conclusions may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Bliss v. Comm'r of Soc. Sec.*, 406 F.App'x 541, 542 (2d Cir. 2011) ("[T]he ALJ need not involve medical sources or claimant's counsel in his deliberative process or assessment of the evidence."). An RFC is to be based on all evidence of record and not solely a medical opinion. 20 C.F.R. § 416.945(a)(3). In this case, the record was sufficiently developed for the ALJ to assess plaintiff's RFC and substantial evidence supported the ALJ's finding for a reduced range of sedentary work. The ALJ's decision was thoroughly detailed as it assessed the medical and non-medical evidence in the record, including treatment notes, clinical findings, plaintiff's activities, and plaintiff's course of treatment.

Additionally, ALJ Mattimore's consideration of plaintiff's daily activities in evaluating the overall record, as part of the RFC analysis, was not an error but rather her duty. *See e.g., Salinovich v. Comm'r of Soc. Sec. Admin.*, 3 F. App'x 67, 69 (2d Cir. 2019) ("We agree with the District Court that the ALJ, as part of her residual functional capacity (RFC) determination, properly considered both Salinovich's daily activities….") (citing 20 C.F.R. § 404.1529(c)(3)); *see also* SSR 96-8p ("The RFC assessment must be based on *all* of the relevant evidence in the case record,

such as: Medical history, Medical signs and laboratory findings, The effects of treatment…, Reports of daily activities, Lay evidence, Recorded observations, Medical source statements, Effects of symptoms…") (emphasis original)).

In the decision, the ALJ diligently reported plaintiff told Dr. Brauer that he was capable of independent activities of daily living; he reported that he cooked three times per week, cleaned the house a few times per week, was capable of showering and dressing himself routinely, and enjoyed watching television, going for walks, and socializing with friends. (Tr. 17, 357). The ALJ also noted plaintiff reported and testified to the independent ability to engage in personal hygiene, prepare simple meals, engage in household chores, visit with friends and family, shop, handle finances, watch television, care for pets, engage in woodworking for a hobby, go out alone, play cards, and use public transportation. (Tr. 20, 36-42, 207-12). In addition, the ALJ observed, plaintiff also testified that he was able to walk a half mile to stores, mow the lawn with a self-propelled push mower, and trim hedges on his property. (Tr. 20, 37-42). While a claimant need not be bedridden to be considered "disabled," it is well-settled that the ALJ may appropriately consider a claimant's reported daily activities in considering his statements and in assessing the RFC. *See, e.g., Burch v. Comm'r of Soc. Sec.*, No. 17-CV-1252P, 2019 WL 922912, at *5 (W.D.N.Y. Feb. 26, 2019) ("Any suggestion by Burch that the ALJ should not have considered his daily activities in formulating the RFC is incorrect.") (citing 20 C.F.R. § 416.929(c)(3) (a claimant's "pattern of daily living" is an "important indicator of the intensity and persistence of [the claimant's] symptoms"); *Freeman v. Comm'r of Soc. Sec.*, No. 17-CV-6862-FPG, 2018 WL 6605666, at *8 (W.D.N.Y. Dec. 17, 2018) ("Although the claimant 'need not be an invalid' to be disabled under the Social Security Act, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citation omitted), the ALJ may properly consider the claimant's daily activities when assessing her

statements."). ALJ Mattimore found the evidence supported plaintiff's allegations that he was limited to a significantly reduced range of work activity by his spine condition and chronic pain syndrome, but the evidence did not corroborate the alleged severity of his impairments to the extent they rendered him incapable of all work. (Tr. 15-24). Based on a review of the evidence as a whole, the ALJ reasonably translated the limitations that she found to be supported by the overall record into concrete, work-related terms to address the impact of his physical impairments on his ability to work. (Tr. 15-24).

In sum, the ALJ does not need to base her RFC finding on a medical opinion but could rely on other evidence. *See* 20 C.F.R. §§ 404.1520b(b)(1), 416.920b(b)(1) ("If any of the evidence in your case record, including any medical opinions, is inconsistent, we will consider the relevant evidence and see if we can determine whether you are disabled based on the evidence we have"). As discussed above, the record does contain a medical opinion, and plaintiff's disagreement with how the ALJ weighed that opinion and other evidence is not sufficient for remand. *See, e.g., Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) ("The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder *would have to conclude otherwise*.") (citation, quotation omitted; emphasis original)); *Hill v. Berryhill*, No. 17-CV-6532P, 2019 WL 144920, at *8 (W.D.N.Y. Jan. 9, 2019) ("'[U]nder the substantial evidence standard of review, [however,] it is not enough for [p]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [his] position.'") (internal alterations original; citation omitted)).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No.11) is

**DENIED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 16) is

**GRANTED.**

Dated: November 24, 2020         *J. Gregory Wehrman*
Rochester, New York              HON. J. Gregory Wehrman
                                 United States Magistrate Judge